## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   NO. CR-06-0121-JH |
| | ) |
| GREGORY LAMONT LONG, | ) |
| | ) |
| Defendant. | ) |

### ORDER

Defendant Gregory Lamont Long has been indicted for possessing cocaine and marijuana with the intent to distribute in violation of 21 U.S.C. § 841(a)(1), maintaining a place to manufacture and distribute controlled substances in violation of 21 U.S.C. §856(a)(1) and being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). Defendant filed a motion to suppress evidence and statements obtained by the government in the course of its investigation. [Doc. #22]. The government responded to the motion and the court held an evidentiary hearing on July 31, 2006. The court concludes defendant's motion to suppress should be denied.

### Facts

Based on the totality of the evidence presented at the hearing, the court makes the following factual findings. After receiving a tip that the defendant was dealing drugs out of his home, Oklahoma City police officers Jeff Springer and Jimmy Cortez, in conjunction

with employees of Waste Management,[1] arranged a search of defendant's curbside trash.  On Monday, February 20, 2006, defendant's regular trash collection day, Officer Springer and a Waste Management employee drove a rear loading trash truck to the defendant's neighborhood with the intent to collect the defendant's trash.  Upon discovering that the trash receptacles had not been placed at the defendant's curb, they proceeded to collect the trash from approximately six other homes along the street and then left the area.  A short time later, Officers Springer and Cortez set up surveillance outside defendant's home and observed the defendant roll two trash receptacles to the street in front of the curb.  Officer Springer immediately made contact with Waste Management and he and the previous trash truck driver traveled to the defendant's home and collected the trash[2] out of the two receptacles.[3]  Officers Springer and Cortez then transferred the trash to their vehicle and transported it back to the police station.  Upon searching the contents of the trash, the officers found baggies containing marijuana residue, baggies and wraps which resembled those normally used in drug trafficking, marijuana seeds and stems and items indicating defendant's dominion and control of the premises.

---

[1]*Waste Management is a private company which contracts with the City of Oklahoma City for trash collection services.*

[2]*This entailed moving the receptacles to the back of the trash truck and either manually dumping the contents into the "hopper" or connecting the receptacle to a hook which mechanically dumped the contents.  Before loading the defendant's trash into the hopper, Officer Springer verified that it was free of any other debris.*

[3]*Defendant's sister testified at the hearing that the defendant was not at home on the morning of the 20th and that she observed a trash collector walk up the driveway and retrieve a trash receptacle from the side of the house and dump it into the truck.*

Based on the incriminating evidence found in the trash, a search warrant was issued for defendant's residence.[4] Police conducted the search on February 22, 2006, and found the drugs and guns which form the basis of the indictment. Defendant was placed under arrest during the search. According to the officer who was in charge of the defendant at the scene, defendant, when informed that drugs and a gun had been found during the search, volunteered there "weren't even any bullets for that gun." After volunteering this information, the defendant was read his rights from a "*Miranda*[5]/waiver of rights form." Before the officer was able to finish reading the "waiver of rights" portion of the form, defendant began volunteering, and continued to volunteer throughout the search, further information about the items being seized and his activities.[6]

On April 14, 2006, defendant was arrested at his home on a federal warrant. He was read his *Miranda* rights at the scene and voluntarily agreed to speak with the agents. After

---

[4]*Defendant attacks the validity of the search warrant obtained as a result of the trash can search. Defendant alleges that the officer failed to inform the judge that he had attempted to collect the trash earlier that morning and that he embellished his knowledge of general drug trafficking activities. When omissions are made from a warrant application, defendant may request a hearing under Franks v. Delaware, 438 U.S. 154, 171-72 (1978), to test the veracity of the application. United States v. Artez, 389 F.3d 1106, 1116 (10th Cir. 2004). However, to be entitled to such a hearing, defendant must allege that the omissions were either dishonest or made in reckless disregard of the truth and that the judge who issued the search warrant was misled by the omissions. Id. Allegations of negligence or innocent mistake are insufficient. Id. In this case, none of the defendant's allegations rise above negligence or mistake. Further, the omitted facts do not appear material to the judge's finding of probable cause.*

[5]*Miranda v. Arizona, 384 U.S. 436 (1966).*

[6]*In spite of the officer's failure to complete the form, the evidence presented at the hearing demonstrated that the warnings given to the defendant "touched all of the bases required by Miranda." Duckworth v. Eagan, 492 U.S. 195, 203 (1989).*

learning from the agents that his case would be handled in federal court, the defendant asked a family member to call "Kysha." When asked who "Kysha" was, defendant responded that she was his attorney. Defendant alleges that an unidentified agent then told him that if he asked for an attorney they could not help him. The agents at the scene all denied making this statement. Instead, they testified that the defendant wanted his family member to call Kysha in order to get his money back because Kysha did not handle federal cases. The agents testified that the defendant neither requested to call Kysha himself nor have her present during questioning.

## Discussion

With respect to the defendant's claim that the search of his trash by the police violated his Fourth Amendment rights, the court concludes he had no reasonable expectation of privacy in the trash collected. See California v. Greenwood, 486 U.S. 35, 39-40 (1988) (holding that a defendant has the burden of proving that the search of his trash was unreasonable under the Fourth Amendment because he had a subjective expectation of privacy in the garbage that society accepts as reasonable). The evidence demonstrates that the receptacles had been placed for collection on the street outside the curtilage of the home. See United States v. Long, 176 F.3d 1304, 1307 (10th Cir. 1999) (search of trash cans not located within the curtilage of the home does not violate the Fourth Amendment). As defendant had no reasonable expectation of privacy in the trash collected from that location, see Long, 176 F.3d at 1308 ("Society does not recognize a reasonable expectation of privacy in 'trash left for collection in an area accessible to the public.'") (quoting Greenwood, 486

U.S. at 41); United States v. Segura-Baltazar, 448 F.3d 1281, 1286 (11th Cir. 2006) (garbage placed in bags inside a trash container and placed a few feet away from the curb not sufficient to warrant a reasonable expectation of privacy), his motion to suppress on this basis is **DENIED**.

With respect to the statements made by the defendant during his first arrest, the court concludes those statements should not be suppressed. While the defendant made at least one statement before he was advised of his rights, the statement was not made in response to questioning but was volunteered by the defendant. See Miranda, 384 U.S. at 478 ("Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today."). All other statements by the defendant were voluntarily and knowingly made after he had been informed of his *Miranda* rights. See United States v. Glover, 104 F.3d 1570, 1582 (10th Cir. 1997) ("*Miranda* provides that where a suspect has been advised of his rights against self-incrimination, he may waive these rights provided the waiver is made voluntarily, knowingly, and intelligently.") (internal quotations omitted). As a result, defendant's motion to suppress the statements made by him during his first arrest is **DENIED**.

With respect to the statements made by the defendant on April 16, 2006, defendant contends they should be suppressed because his request for his attorney "Kysha" was ignored by the agents. However, based on the facts presented at the hearing, the court concludes that a reasonable agent in the circumstances would not have understood that statement to be a request for an attorney. See, e.g., United States v. Nelson, 450 F.3d 1201, 1212 (10th Cir.

2006) ("[A]mbiguous or equivocal statements that might be construed as invoking the right to counsel do not require the police to discontinue their questioning."). As a result, any statements made by the defendant during his second arrest are not subject to exclusion. Id.

Based on the foregoing, defendant's motion to suppress is **DENIED** in its entirety.

**IT IS SO ORDERED**.

Dated this 2nd day of August, 2006.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE